THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANTANU NERAVETLA, M.D., <br><br> Plaintiff, <br><br> v. <br><br> VIRGINIA MASON MEDICAL CENTER, et al., <br><br> Defendants. | CASE NO. C13-1501-JCC <br><br> ORDER DENYING MOTION TO FILE SECOND AMENDED COMPLAINT |

This matter comes before the Court on Plaintiff's motion to file a second amended complaint, adding Dr. Daniel O'Connell as a defendant. (Dkt. No. 37.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.   **Background**

The alleged facts in this matter have already been discussed in the Court's previous order granting in part Defendant's first motion to dismiss. (Dkt. No. 25.) The Court will not repeat them. In brief, Plaintiff claims that Defendants, Virginia Mason Medical Center ("VMMC") and certain of its employees, wrongfully terminated him from his position as a first-year medical resident.

On February 18, 2014, the Court dismissed certain of Plaintiff's claims, as asserted in his original complaint. (*See* Dkt. No. 25.) One claim dismissed was Plaintiff's civil conspiracy

claim: the Court dismissed the claim with prejudice insofar as it asserted a conspiracy to violate HIPAA, as HIPAA does not provide for a private right of action and a Washington civil conspiracy claim requires an underlying actionable illegal act. (Dkt. No. 25 at 10–11.) The Court determined that to the extent Plaintiff was also claiming that Defendants entered into a conspiracy to engage in "other illegal conduct delineated herein," such a claim was too vague. Accordingly, the Court dismissed that claim without prejudice, "provided the amended Complaint asserts the specific underlying illegal conduct at issue, and the specific parties to each alleged conspiracy." (Dkt. No. 25 at 12.)

On March 4, 2014, Plaintiff filed an amended complaint asserting that Defendants engaged in a civil conspiracy by "intentionally engag[ing] in a joint undertaking with each other and others, arising out of an agreement to engage in illegal conduct, which conduct was intended to damage Plaintiff." (Dkt. No. 28 at 26, ¶ 124.) The alleged joint undertaking "was intended to and did violate Plaintiff's due process rights, wrongfully strip him of his medical privileges, to breach the Residency Appointment Agreement, to tortiously interfere with his contract rights . . . and to tortiously interfere with his business expectancy interests." (*Id.* at 26, ¶ 126.) In Plaintiff's response to Defendants' subsequent motion to dismiss, Plaintiff clarified that the act underlying the alleged conspiracy was "to turn the disciplinary proceedings and hearing against [Plaintiff] into a kangaroo court." (Dkt. No. 32 at 9.)

On May 23, 2014, the Court dismissed that claim with prejudice, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as the bare assertion that the alleged conspirators agreed to engage in a conspiracy, and the existence of a joint undertaking, did not place the facts "in a context that raises a suggestion of a preceding agreement." *Twombly*, 550 U.S. at 557. The allegations were simply too vague for the Court to find Plaintiff's claim plausible under *Twombly*, and because the amended Complaint did not assert the specific underlying conduct at issue and the specific parties to each alleged conspiracy—despite the Court's previous order— the Court found that amendment would be futile and dismissed the claim with prejudice. (*See*

ORDER DENYING MOTION TO FILE SECOND
AMENDED COMPLAINT
PAGE - 2

Dkt. No. 35 at 7–9.)

Plaintiff now asks to submit a second amended complaint, adding Dr. Daniel O'Connell as a new defendant and asserting that he and Dr. Dipboye—already a defendant in this action—together conspired to "depict Plaintiff as having mental health issues in order to justify his unlawful termination from the VMMC residency medical program." (Dkt. No. 37 at 3.) Plaintiff bases his assertion on the discovery of a note, written by Dr. O'Connell, that memorializes a conversation between the two doctors. He did not submit the note for the Court's consideration, or summarize the contents of the note. Defendants filed a response, (Dkt. No. 38), Plaintiff replied, (Dkt. No. 40), and Defendants filed a surreply. (Dkt. No. 43.)

## II. DISCUSSION

### 1. Defendants' Motion to File a Second Amended Complaint

Plaintiff concedes that the Court's previous order, dismissing the civil conspiracy claim with prejudice, "represent[s] the 'law of the case.'" (Dkt. No. 40 at 4.) The Court furthermore finds that the claim asserted in Plaintiff's first amended complaint, that defendants "engaged in a joint undertaking with each other and others," (Dkt. No. 28 at 26), to subvert or corrupt in some way the proceedings that resulted in Plaintiff's termination, is the same as the claim asserted in Plaintiff's proposed second amended complaint, that Dr. O'Connell conspired with Dr. Dipboye to "enter[] into an express or tacit agreement to further Defendant Dipboye's intention to unlawfully terminate Plaintiff from his residency program," (Dkt. No. 37, Ex. 1 at 8), and acted on that conspiracy by making spurious accusations so as to ensure Plaintiff's termination. Plaintiff's bare assertion in the declaration attached to his reply that the two claims arise out of different conspiracies, (Dkt. No. 40, Ex. 1 at 2), without any reasoning or argument, is not sufficient to counteract the clear congruities between the claim as previously asserted, and the one in the proposed second amended complaint.

"The law of the case doctrine ordinarily precludes reconsideration of a previously decided issue." *United States v. Alexander*, 106 F.3d 874, 877 (9th Cir. 1997). "The standards

ORDER DENYING MOTION TO FILE SECOND
AMENDED COMPLAINT
PAGE - 3

announced for departing from the law of the case commonly demand strong justification." 18B Charles Alan Wright & Arthur R. Miller, et al., *Federal Practice & Procedure* § 4478 (2d ed. 2002). Such a strong justification might exist where the court makes a clear mistake or if there are other unique circumstances, in which case "equity concerns might outweigh the finality concerns of the doctrine." *In re Wiersma*, 483 F.3d 933, 941 (9th Cir. 2007). *See also AL Tech Speciality Steel Corp. v. Allegheny Intern. Credit Corp.*, 104 F.3d 601, 605 (3d Cir. 1997) (it may be appropriate to revisit a Court's ruling under the law of the case doctrine where there has been "an intervening change in the law, where new evidence has become available, or where reconsideration is necessary to prevent clear error or a manifest injustice").

Here, the sole reason Plaintiff puts forward for the Court to revisit its previous order is that he has allegedly discovered new evidence—a note written by Dr. O'Connell regarding a conversation he had with Dr. Dipboye—suggesting that there was a conspiracy to terminate Plaintiff. Plaintiff's counsel argues that while they received the note on February 7, 2014, they did not immediately read or recognize the note's significance at that time. (*See* Dkt. No. 40, Ex. 1 at 2, ¶¶ 7–8.) However, all submitted evidence suggests that Plaintiff's attorneys received the relevant note on February 7, 2014, while the first amended complaint was filed March 4, 2014. The Court cannot see how the note could be considered "new" evidence given that timeline. Moreover, regardless of whether the attorney deposing Dr. O'Connell on February 10, 2014 specifically used the word "note" when questioning him, that attorney did discuss the conversation memorialized in the note, and referred to its contents. (*See* Dkt. No. 43, Ex. A.) Indeed, Dr. O'Connell himself referenced the note in his response to a question. (*See id.*, Ex. A at 21.) Thus, Plaintiff's attorneys were aware of the note at the time they filed their first amended complaint. The Court finds that Dr. O'Connell's note is not newly discovered evidence that would allow the Court to deviate from its previous ruling under the law of the case doctrine.

Accordingly, Plaintiff's motion to file a second amended complaint, (Dkt. No. 37), is DENIED.

ORDER DENYING MOTION TO FILE SECOND
AMENDED COMPLAINT
PAGE - 4

**2. Defendants' Surreply Requesting the Striking of Certain Information in a Declaration**

Defendants filed a surreply, requesting that the Court strike portions of the declaration submitted by Plaintiff with his reply. First, a party generally may not submit, in a reply, new facts or evidence to which the respondent has not had a chance to respond. *See Tovar v. U.S. Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993). Second, Rule 11 specifies that when an attorney signs a motion or other paper filed with the court, he or she represents to the Court that, "to the best of the person's knowledge, information, and belief," any legal contentions are not frivolous, any factual assertions have evidentiary support, and any denials of factual contentions are warranted, based on the evidence. Fed. R. Civ. P. 11(b)(2)–(4). Here, the Court is troubled by certain statements in the motion papers and declarations submitted by counsel for Plaintiff.

In Plaintiff's motion to file a second amended complaint, counsel for Plaintiff indicated that "[n]ewly-discovered evidence" justified the amendment of the complaint,[1] (Dkt. No. 37 at 2), without explaining that the "newly discovered evidence" had been turned over in early February, almost a month before Plaintiff's first amended complaint was filed, (*see* Dkt. No. 28), and almost five months before Plaintiff filed his motion to file a second amended complaint. (*See* Dkt. No. 37.) Instead, it was Defendants that alerted the Court to the fact that Plaintiff had had the note for some time before filing his first amended complaint. (*See* Dkt. No. 38 at 4.) Thus, the characterization of the note as "newly discovered evidence," without an explanation of the actual timeline of the note's discovery, was inaccurate and misleading.

Moreover, counsel for Plaintiff submitted a signed declaration stating that "a review of Dr. O'Connell's deposition, taken by my co-counsel, Mr. Whitson, does not reveal any examination of the deponent on the contents of [the note]." (Dkt. No. 40, Ex. 1 at 2.) Upon

---

[1] The Court is puzzled by the fact that, in his motion to file a second amended complaint, Plaintiff did not even address the fact that the Court had dismissed the previous civil conspiracy claim with prejudice. (*See* Dkt. No. 37.) The Court is unsure what to make of this obvious deficiency.

ORDER DENYING MOTION TO FILE SECOND
AMENDED COMPLAINT
PAGE - 5

review of the portions of the deposition transcript submitted by counsel for Defendants, the deposition appears to relate to the conversation memorialized in the note, and even references the contents of the note. For instance, Plaintiff's attorney asks the deponent about narcissism, which had not been mentioned by the witness in the deposition but was apparently contained in the note. (Dkt. No. 43, Ex. A at 20–21.) Moreover, the deponent refers to "not[ing]" a possible issue with narcissism, which appears to be a reference to him creating the document at issue. (*Id.* at 21.) Accordingly, counsel's declaration regarding the subject matter of the deposition was not accurate. While the Court understands the necessity of zealous advocacy, it is suggested to Plaintiff's attorneys that misstatements of this nature significantly affect their credibility before the Court.

The Court GRANTS Defendants' request to strike a portion of the declaration submitted with Plaintiff's reply, both because it constituted new evidence submitted in a reply, and because it does not appear to accurately characterize certain facts.

**3. Defendants' Request for Attorneys' Fees**

Defendants ask for attorneys' fees and costs, because they were forced to respond to Plaintiff's purportedly frivolous motion. (Dkt. No. 38 at 11.) Under Federal Rule of Civil Procedure 11, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Because Defendants have not filed a separate motion under Rule 11, and have not pointed to any other legal authority or rule that justifies an award of attorneys' fees without a separate motion, the Court declines to award fees at this time.

**III. CONCLUSION**

For the forgoing reasons, Plaintiff's motion to amend the complaint, (Dkt. No. 37), is DENIED. Defendants' surreply requesting that the Court strike certain portions of the declaration submitted by Plaintiff in his reply is GRANTED. Defendants' request for fees is DENIED without prejudice.

1  DATED this 18th day of August 2014.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE