THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANTANU NERAVETLA, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>VIRGINIA MASON MEDICAL CENTER, et al.,<br><br>Defendants. | CASE NO. C13-1501-JCC<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' motion for summary judgment. (Dkt. No. 54.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.  **BACKGROUND**

The alleged facts in this matter have been discussed in the Court's previous order granting in part Defendants' first motion to dismiss. (*See* Dkt. No. 25.) The Court will not repeat them. In brief, Plaintiff claims that Defendants, Virginia Mason Medical Center ("VM") and certain of its employees, wrongfully terminated him from his position as a first-year medical resident. Several of Plaintiff's claims have been dismissed. (Dkt. Nos. 25, 35.) Defendants now move to dismiss Plaintiff's remaining claims. (Dkt. No. 54.) Plaintiff withdraws his claims for failure to provide "reasonable accommodation" in violation of the Americans with Disabilities

ACT ("ADA," 42 U.S.C. §13113(b)(5)), failure to "reasonably accommodate" in violation of the Washington Law Against Discrimination ("WLAD," Rev. Code of Wash. §49.60.010. *et seq*.), and fraudulent inducement. (Dkt. No. 69 at 27.)

## II. DISCUSSION

### A. Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn there from in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B. Plaintiff's Claims Against Individual Defendants

Plaintiff concedes that he cannot "identify genuine disputes of material fact with respect to the claims he asserts against the individual Defendants, Dr. Michael Glenn and Dr. Gary Kaplan." (Dkt. No. 69 at 27 n.8.) Summary judgment regarding these claims is therefore warranted. As discussed below, the Court finds summary judgment warranted for each of

Plaintiff's remaining claims. This includes claims against individual Defendant Dr. L. Keith Dipboye.

### C.     Plaintiff's Claim of Improper Testing Under the ADA

Plaintiff claims that Defendant VM violated the ADA's prohibition on improper "medical testing" by referring him to the Washington Physicians Health Program ("WPHP"). Defendants have argued that the referral "may not be deemed a referral for a 'medical test' because it did not involve any medical tests, because no one at VM knew why plaintiff's performance was erratic, and because some of the potential explanations [for plaintiff's performance] did not involve diagnosable or treatable conditions." (Dkt. No. 70 at 9.) Plaintiff has failed to address this argument in his opposition. Because the Court finds the argument persuasive, there is no need to consider whether the referral was justified as a job-related "business necessity," expressly allowed for under the ADA. 42 U.S.C. § 12112(d)(4)(A).

### D.     Plaintiff's "Regarded As" and "Perceived As" Claims

Plaintiff claims that Defendants improperly regarded him as disabled under the ADA and the WLAD. In order to establish a prima facie case, he must demonstrate: (1) that he has, or is regarded as having, a disability; (2) that he is otherwise qualified for the employment in question; and (3) that he was excluded from the employment solely because of his disability. 42 U.S.C. § 12102(3); 29 C.F.R. § 1630.2(1); *see also* RCW 49.60.040 (7)(a)(iii).

Over the course of nearly seven months, Plaintiff received negative performance evaluations from thirteen attending physicians and senior residents. Some of these evaluators indicated that Plaintiff's performance posed a potential risk to patients' health and safety. Plaintiff offers no admissible evidence to suggest that the nondiscriminatory reasons put forward by VM to explain the referral to WPHP or the subsequent decision to terminate his residency are pretextual. Consequently, no reasonable jury could find that Plaintiff was excluded from his employment "solely" because of his disability. Because he cannot establish the third prong of the prima facie case, there is no need to consider whether Plaintiff's claims meet the requirements

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT
PAGE - 3

for the first and second prongs.

### E. Plaintiff's Claim for Interference with a Business Expectancy Interest

Plaintiff claims that Defendants were aware that he had been conditionally accepted into an ophthalmology residency program, and that they interfered with his business relationship by terminating him from VM's Transitional Year Residency program ("TY program"). Plaintiff must show: "(1) the existence of a valid contractual relationship or business expectancy; (2) the defendant's knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) the defendant's interference for an improper purpose or by improper means; and (5) resulting damage. *Koch v. Mutual of Enumclaw Ins. Co.*, 108 Wn. App. 500, 506, 31 P.3d 698 (2001).

The Court finds no evidence in the record indicating that Defendants intentionally interfered with the ophthalmology residency program, or that they did so for an improper purpose. Consequently, Plaintiff cannot meet the required elements of the claim.

### F. Plaintiff's Claims for Breach of Contract and Promissory Estoppel

Plaintiff claims Defendants breached Section B(2)(a) of his Residency Appointment Agreement by failing to provide a suitable education experience. Plaintiff has not identified any way in which his residency program violated relevant accreditation standards. Nor has he provided evidence that he suffered any contractual damages. There is, therefore, no genuine issue of material fact regarding his claims for breach of contract and promissory estoppel.

### G. Plaintiff's Defamation Claim

In order to prove defamation, Plaintiff must identify a false statement of fact, made without privilege, and with the requisite level of fault. *See Mohr v. Grant*, 153 Wn.2d 812, 822, 108 P.3d 768 (2005); *Mark v. Seattle Times*, 96 Wn.2d 473, 486, 635 P.2d 1081 (1981). Plaintiff has failed to offer evidence of any such statement, so the claim must fail.

### H. Plaintiff's Claim for Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress, Plaintiff must allege

conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Reid v. Pierce Cnty*, 136 Wn.2d 195, 202, 961 P.2d 333 (1998) (emphasis, citation, and internal quotation marks omitted). The Court finds no evidence on the record that would enable a reasonable jury to find that Defendants engaged in such conduct. There is, therefore, no genuine issue of material fact as to this claim.

I.   **Plaintiff's Request for Injunctive Relief**

The Court finds no basis for equitable relief ordering VM to accept plaintiff back into its residency program.

J.   **Plaintiff's Request to add Dr. Daniel O'Connell as a Party Defendant**

Plaintiff "renews his request to add Dr. Daniel O'Connell as a party defendant to a claim of common-law conspiracy . . . previously denied by the Court." (Dkt. No. 69 at 27 n.8; *see also* Dkt. No. 45.) The Court declines the invitation to revisit this issue.

## III.   CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED in its entirety. All of Plaintiff's remaining claims are hereby DISMISSED WITH PREJUDICE.

DATED this 27th day of February 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE